USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-24-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLEN PASTURES,

              Plaintiff,

- against -

ALLIED BARTON SECURITY SERVICES,

              Defendant.

REPORT &
RECOMMENDATION

11 Civ. 2364 (JSR) (RLE)

**To the HONORABLE JED S. RAKOFF, U.S.D.J.:**

## I. INTRODUCTION

On March 23, 2011, *Pro Se* Plaintiff Allen Pastures filed the instant suit in New York State Supreme Court. On April 7, 2011, this case was removed from state court. Before the Court is Pastures's motion for the case to be remanded to state court. For the reasons discussed below, I recommend that Pastures's motion be **DENIED**.

## II. DISCUSSION

28 U.S.C. § 1441 provides for the permissive removal of any case "of which the district courts of the United States have original jurisdiction." Defendant AlliedBarton Security Security Services ("Allied Barton") alleges that original jurisdiction is present in this case because Pastures's claims arise out of federal law. In determining whether a federal cause of action is present in a state court Complaint, a federal court examines whether the "well pleaded complaint" relies on a federal question. *See, e.g., Beneficial Nat'l. Bank v. Anderson*, 539 U.S. 1, 6 (2003).

In this case, Pastures's Complaint alleges violations of federal rights. Specifically, Pastures claims that he has been discriminated against and retaliated against in violation of Title

VII of the Civil Rights Act of 1964. (Compl. ¶¶ 3, 5.) The Complaint directly refers to Title VII (*id.* ¶ 3), and makes explicit reference to violation of federal law. (*Id.* ¶ 13.) Accordingly, original jurisdiction in the United States district courts would have been proper in this case, and removal was proper. The fact that Pastures's Complaint also makes reference to state law breach of contract claims does not necessitate remand, as removal is permissible where "a separate and independent claim or cause of action within the jurisdiction conferred by [28 U.S.C.] § 1331 ... is joined with one or more otherwise nonremovable claims or causes of action." 28 U.S.C. § 1441(c).

### III. CONCLUSION

For the foregoing reasons, I recommend that Pastures's motion for remand should be **DENIED**. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340 and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated: May 24, 2011
New York, New York

Respectfully submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Report and Recommendation were sent to:

<u>Pro Se Plaintiff</u>
Allen Pastures
183-A 100th Street
New York, NY 10029

<u>Attorneys for Defendant</u>
Geraldine Ann Cheverko
Eckert, Seamans, Cherin & Mellott LLC
10 Bank Street, Suite 1061
White Plains, NY 10606

Matthew D. Crawford
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA 30326